1 | ~~Ronald L. Richman, SBN 139189~~
2 | ~~C. Todd Norris, SBN 181337~~
~~E-Mail: ron.richman@bullivant.com~~
~~E-Mail: todd.norris@bullivant.com~~
3 | ~~BULLIVANT HOUSER BAILEY PC~~
~~601 California Street, Suite 1800~~
4 | ~~San Francisco, California 94108~~
~~Telephone: 415.352.2700~~
5 | ~~Facsimile: 415.352.2701~~
6 | ~~Attorneys for Plaintiff~~
~~CONTEMPORARY SERVICES~~
7 | ~~CORPORATION~~

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _smy_                    DEPUTY

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | SOUTHERN DIVISION - SANTA ANA COURTHOUSE

11 |

12 | CONTEMPORARY SERVICES    Case No. SACV09-00681 AG
CORPORATION, a California corporation,    (ANx)

13 |

Plaintiff,

14 |                           **[PROPOSED]**
vs.                        **CONFIDENTIALITY ORDER**

15 |

16 | LANDMARK EVENT STAFFING
SERVICES, INC., a Delaware corporation,
PETER KRANSKE, an individual, and
17 | MICHAEL HARRISON, an individual,

18 |        Defendants.            Hon. Magistrate Judge Arthur
Nakazato
19 |

20 |

21 |      THIS MATTER having come before the Court pursuant to the stipulation of

22 | the Parties, and the Court being fully advised in the premises, it is hereby

23 | ORDERED as follows:

24 |      1.    PURPOSES AND LIMITATIONS

25 |      This Confidentiality Order is not intended to be a blanket confidentiality

26 | order protecting every document produced during discovery as discussed in *Foltz*

27 | *v. State Farm Mut. Auto. Ins. Co.*, 331 F3d 1122 (9th Cir 2003), but rather

28 | includes only the trade secret, research, design, development, financial, technical,

marketing, sales, customer, planning, personal, or commercial information, along with any other such terms used in Rule 26(c)(1) of the Federal Rules of Civil Procedure and in applicable case law interpreting Rule 26(c)(1), that the producing party in good faith believes falls within the definition of "CONFIDENTIAL." Accordingly, this Confidentiality Order shall apply and govern all Disclosure or Discovery Material that a Designating Party designates as "CONFIDENTIAL" as hereinafter furnished, directly or indirectly, in connection with this action. Specifically, the parties seek to protect from public disclosure information that would provide the parties' competitors with an unfair commercial advantage. This Confidentiality Order shall not govern a party's use of its own "CONFIDENTIAL" Disclosures or Discovery Material. This Confidentiality Order is also intended to govern the inadvertent production and disclosure of Privileged Materials.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items, material, information, or things, including, but not limited to, depositions, documents, testimony, transcripts, oral or written communications, and electronically stored information, that are produced or generated by a Party or non-party in connection with this litigation in response, either directly or indirectly, to discovery requests or testimony taken pursuant to the Federal Rules of Civil Procedure or provided voluntarily by a party without a formal discovery request or question.

2.3   "Confidential" Information or Items: the portions or contents of any nonpublic or not readily available Disclosure or Discovery Material that a designating Party or non-party believes in good faith to be highly confidential or highly sensitive including, but not limited to, financial statements, balance sheets,

ledgers, bank account statements, and other bank records; client lists, confidential communications with current and prospective clients, confidential communications with business partners and affiliates of a party, and other documents or information disclosing client or prospective client identities; marketing or sales information, customer identities or lists, planning, personal, or other commercial information, drawings, designs; proprietary and confidential contracts and communications relating to those contracts; correspondence between the parties relating to any of the above; and "trade secrets" as defined in Cal. Civ. Code ~ 3426.1(d);   or other such terms used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and in applicable case law interpreting Rule 26(c)(1)(G).

2.4     Receiving Party: a Party that receives Disclosure or Discovery Material directly or indirectly from a Producing Party.

2.5     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party: a Party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL."

2.7     Protected Material: the portions or contents of any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under this Confidentiality Order.

2.8.    Outside Counsel: attorneys and their support staff who are not employees or contractors of a Party but who are retained to represent or advise a Party in this action, whether or not outside counsel has made an appearance.

2.9     House Counsel: attorneys and their support staff who are employees or contractors of a Party.

2.10   Counsel (without qualifier): includes both Outside Counsel and House Counsel.

2.11   Expert: a person with specialized knowledge or experience in a

matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation. This definition does NOT include anyone on the payroll of a Party.

2.12   Privileged Material: the portions or contents of any Disclosure or Discovery Material which a Producing Party will not disclose to a Receiving Party as subject to a privilege, immunity, or other protection as trial-preparation material, including the attorney/client privilege, the work product doctrine, or any available privilege or immunity from production.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees, subcontractors, and translators.

2.14   Opposing Party: a Party that is opposite another party to this action; e.g., plaintiff is Opposing Party to defendant.

3.   SCOPE

The protections conferred by this Confidentiality Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other private, non-public settings that might contain or reveal Protected Material.

4.   DURATION

Except as specifically provided herein, the terms, conditions, and limitations of this Confidentiality Order shall survive the termination of this action. All provisions of this Confidentiality Order shall continue to be binding after the conclusion of this action, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of

this matter for the purpose of enforcing this Confidentiality Order.

Notwithstanding the above, this Confidentiality Order will not extend beyond the

commencement of trial as to documents, information or things publically

disclosed at trial.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.
A Designating Party must reasonably limit designating Disclosure or Discovery
Material as Protected Material using the appropriate standards in this Order.  A
Designating Party must take care to designate for protection only those parts of
any Disclosure or Discovery Material that qualify as such under this Order.

If it comes to a Designating Party's attention that information or items that
it designated for protection do not qualify as Protected Material, or do not qualify
for the level of protection initially asserted, that Party or non-party must promptly
notify all other parties that it is withdrawing the designation.  In that event, the
Designating Party will provide new copies of any such documents without the
designations.

5.2    Manner and Timing of Designations.  Except as otherwise provided
in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise
stipulated or ordered, material that qualifies for protection under this Order must
be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of
depositions or other pretrial or trial proceedings), that the Designating Party affix
the legend "CONFIDENTIAL," or a similar designation on each page that
contains protected material.

A Producing Party that makes original documents or materials available for
inspection need not designate them for protection until after the Receiving Party

has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Before producing the specified documents, the Producing Party must then affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days from receipt of the transcript to identify the specific portions of the testimony that qualify for protection.  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by this Order.

Transcript pages containing Protected Material, including Exhibits designated "Confidential," must be separately bound by the court reporter, who must affix to each such page with the legend "CONFIDENTIAL," or similar legend designation as instructed by the Designating Party..

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is

1  stored the legend "CONFIDENTIAL," or if not practicable that the Producing
2  Party identify the protected portions in the transmittal letter with the production of
3  the information or items.  If only portions of the information or item warrant
4  protection, the Producing Party, to the extent practicable, shall identify the
5  protected portions.  Whenever a Receiving Party reduces to hard copy or paper
6  form Protected Material, such party shall mark such hard copy or paper form with
7  the designation indicated on the container or in the transmittal letter in or by which
8  the material was sent.

9     5.3   Inadvertent Failures to Designate.  If corrected, an inadvertent failure
10  to designate qualified information or items as "CONFIDENTIAL," including
11  deposition testimony that was not designated on the record at the time of
12  deposition, does not, standing alone, waive the Designating Party's right to secure
13  protection under this Order for such material.  If material is appropriately
14  designated as "CONFIDENTIAL,"  the Receiving Party, on notification of the
15  designation, must make reasonable efforts to assure that the material is treated in
16  accordance with the provisions of this Order.  At a minimum, this includes
17  promptly returning the non-designated Protected Material to the Producing Party
18  upon receipt of the corresponding designated Protected Material.

19     6.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL
20     6.1   Timing of Challenges. A Party does not waive its right to challenge a
21  confidentiality designation by electing not to mount a challenge promptly after the
22  original designation is disclosed unless an opposing Party can demonstrate that it
23  has been materially prejudiced by the challenging Party's failure to act promptly.
24     6.2   Meet and Confer.  Except as provided below concerning the over-
25  designation of documents, a Party that elects to initiate a challenge to a
26  Designating Party's designation of a particular document (or documents) under
27  this Order must do so in good faith and must begin the process by conferring
28

directly (in voice to voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party or a non-party directly if not represented by counsel.  In conferring, the challenging Party must explain the basis for its belief that the designation under this Order was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a designation under this Order after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37, or raise the issue at the pretrial conference or during trial, that identifies the challenged designation under this Order and sets forth in detail the basis for the challenge. Each such L.R. 37 motion must be accompanied by a certification that affirms that the challenging Party has complied with the Meet and Confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the designation under this Order that was given by the Designating Party either during or after the Meet and Confer session.

The burden of persuasion regarding whether material was properly designated as "Confidential" or "Protected Material" in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to adhere to the Designating Party's designation under this Order.

6.4    Over-Designation of Documents.  Any Challenging Party who contends that Designating Party over-designated documents or information under this Confidentiality Order shall not be required to challenge each document and instead shall follow the procedures set forth herein.

(a)  Meet and Confer.  The Challenging Party shall initiate the meet and

confer process by identifying the universe of designated documents to Designating Party.  Designating Party shall then have a reasonable time, but not in excess of fourteen (14) days, in which to respond.  Designating Party may either reduce the number of documents and information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or stand upon its original designation.  After going through this meet and confer process in good faith, if the parties are still unable to agree upon whether the Designating Party over-designated documents and information under this Confidentiality Order, then the parties may raise the issue of over-designation of documents and information pursuant to Rule 37-1 of the Local Rules as provided below.

(b)  Motion Practice.  If motion practice is required, the burden of persuasion and proof to establish whether Designating Party's designation of documents and information under this Confidentiality Order was proper shall remain with the Designating Party.  On a motion concerning the over-designation of documents and information under this Confidentiality Order, the Challenging Party shall not be required to submit every document or every piece of information which is alleged to be improperly designated.  Instead, the Challenging Party may raise the issue of over-designation of documents and information under this Confidentiality Order separately from any challenge to any specific document or piece of information designated.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeal, and not for any other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated,

including all appeals, a Receiving Party must comply with the provisions of Section 11 (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a secure location and in a secure manner that ensures that access is limited to only those persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The Receiving Party's Counsel who have signed Exhibit A or this stipulation, as well as employees of the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A) and their employees to whom it is reasonably necessary to disclose the information for this litigation;

(d) The Court and its personnel (The Protected Material is to be filed under seal unless the Designating Party agrees that it does not need to be);

(e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation (Counsel shall instruct them not to disclose any Protected Material to anyone other than to counsel for the parties to this litigation);

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A) unless the witness is hostile to the examining counsel and refuses to sign, in which case no signature will be

necessary. Pages of a deposition transcript that contain testimony or exhibits that
have been designated Confidential must be separately bound by the court reporter
and may not be disclosed to anyone except as permitted under this Order;

        (g)    The author of the document or the original source of the
information; and

        (h)    Any other person to whom the Designating Party agrees in
writing.

        (i)    Anyone lawfully in possession of the Information or Items.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED
PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in
other litigation that would compel disclosure of any information or items
designated in this action as "CONFIDENTIAL," the Receiving Party must
promptly notify the Designating Party by fax and email and in no event more than
five (5) court days after receiving the subpoena or order. Such notification shall
include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who
caused the subpoena or order to issue in the other litigation that some or all the
material covered by the subpoena or order is the subject of this Order. In addition,
the Receiving Party must deliver a copy of this Order promptly to the Party in the
other action that caused the subpoena or order to issue.

The Receiving Party shall not produce the Protected Material until legally
required to do so, and shall take reasonable or readily available precautions to
limit the number of non-parties and individuals to whom production of the
Protected Material is made, including, but not limited to, availing the Protected
Material of the protections of any protective or confidentiality order in place in the
other litigation, which does not require the Receiving Party to incur a material

expense or burden.  Should it become necessary to move for a protective or confidentiality order, it shall be the Designating Party's burden to do so.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Protected Material in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the contents of the unauthorized disclosures and to whom they were made, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request that such person or persons execute the "Agreement to Be Bound by Confidentiality Order" that is attached hereto as Exhibit A if such person or persons is/are unwilling to return the Protected Material; and (e) promptly take reasonable necessary  steps to withdraw from the court file and replace, and retrieve served copies of, any pleading or portions of a pleading containing, referencing or attaching Protected Material.

10.     FILING PROTECTED MATERIAL.

A Party or non-party who desires to file Protected Material in support of any filing with the United States District Court for the Central District of California shall follow the procedures proscribed by the United States District Court for the Central District of California.

11.   FINAL DISPOSITION OF PROTECTED MATERIAL.

Unless otherwise ordered or agreed in writing by the Designating Party, within sixty (60) days after the final termination of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material, at the Producing Party's option.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, etc. of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, etc. of the Protected Material except as hereafter provided.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material shall remain subject to this Order as set forth in Section 4 (Duration).

12.   INADVERTENT DISCLOSURE OF OR FAILURE TO DESIGNATE PRIVILEGED MATERIAL

The inadvertent production of Privileged Material or the inadvertent failure to redact Privileged Material from otherwise non-privileged documents before they are produced does not, standing alone, waive any claims of privilege, or protection as trial-preparation material, so long as the Producing Party identifies in writing to the Receiving Party the Privileged Material mistakenly produced.  However, the Producing Party must have taken reasonable steps to prevent the disclosure (unless the production is as contemplated in paragraph 5.2(a) of this

1  Order) and must take reasonably prompt steps to correct the mistake once it is
2  discovered.  If Disclosure or Discovery Material is appropriately designated as
3  Privileged Material after the Disclosure or Discovery Material was initially
4  produced, the Receiving Party, on notification of such designation, must make
5  reasonable efforts to assure that such designated material is returned to the
6  Producing Party.  However, the Receiving Party may promptly present the
7  information to the court under seal for a determination of the claim, consistent
8  with FRCP 26(b)(5)(B).

9        13.   VIOLATIONS SANCTIONABLE

10       All persons bound by this Order are hereby notified that if this Order is in
11  any manner violated, the person or entity who commits such violation may be
12  subject to sanctions as the court may deem appropriate.

13       14.   MISCELLANEOUS

14       14.1   Right to Further Relief.  Nothing in this Order abridges the right of
15  any person to seek modification of this Order by the Court in the future or relief
16  from this Order in the interest of justice.

17       14.2   Right to Assert Other Objections.  By stipulating to the entry of this
18  Order, no Party waives any right it otherwise would have to object to disclosing or
19  producing any information or item on any ground not addressed in this Order.
20  Similarly, no Party waives any right to object, on any ground, to use in evidence
21  of any of the material covered by this Order.

22       ///
23       ///
24  ///
25  ///
26  ///
27  ///
28

14.3   No admissions.  Nothing in this Confidentiality Order, or compliance therewith, constitutes an admission by any party that material designated as "Confidential" or "Protected Material" is actually confidential or otherwise protectable "trade secret, research, design, development, financial, technical, marketing, sales, customer, planning, personal, or commercial information."

## ORDER

IT IS SO ORDERED.

DATED:  April 4, 2013

UNITED STATES MAGISTRATE
JUDGE

\*\*\*\*\*

13727087.1

CONFIDENTIALITY ORDER

## EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Order that was issued by the United States District Court for the Central District of California on _____, 2012 in the case of Contemporary Services Corporation v. Landmark Event Staffing Services, et al., captioned SACV-09-00681 AG (ANx). I agree to comply with and to be bound by all the terms of this Confidentiality Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Order to any person or entity except in strict compliance with the provisions of this Confidentiality Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

13727087.1