Ronald L. Richman, SBN 139189
C. Todd Norris, SBN 181337
E-Mail: ron.richman@bullivant.com
E-Mail: todd.norris@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff
CONTEMPORARY SERVICES CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES COURTHOUSE

CONTEMPORARY SERVICES CORPORATION, a California corporation,

Plaintiff,

vs.

LANDMARK EVENT STAFFING SERVICES, INC., a Delaware corporation, PETER KRANSKE, an individual, and MICHAEL HARRISON, an individual,

Defendants.

Case No. SACV09-00681 BRO (ANx)

**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1**

**TO EXCLUDE EVIDENCE CONCERNING STATEMENTS ALLEGEDLY MADE BY ZUMWALT REGARDING HIS ALLEGED USE OF LITIGATION**

**DATE: September 29, 2014**
**TIME: 1:30 p.m.**
**PLACE: Courtroom 14**
**The Hon. Beverly Reid O'Connell**

Trial Date: October 7, 2014

**NOTICE OF MOTION**

To The Court, All Parties, and their Attorneys of Record:

PLEASE TAKE NOTICE that on September 29, 2014 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 14 of the above-entitled Court, courtroom of the Honorable Beverly Reid O'Connell, United States District Court Judge, located at 312 North Spring Street, Los Angeles, California 90012, plaintiff Contemporary Services Corporation ("CSC") shall and hereby does move *in limine* for an order granting the relief and/or Court action set forth below.

**MOTION**

During discovery defendants made clear their intent to introduce into evidence through Jack Dahl, Peter Kranske, and others regarding plaintiff's CEO Damon Zumwalt's alleged aggressive use of litigation.[1] Such evidence is irrelevant, likely to cause confusion and unfair prejudice, is improper character evidence, and should be excluded. *See* Fed. R. Evid. 402 (irrelevant evidence is not admissible); Fed. R. Evid. 403 (evidence likely to cause confusion of the issues or unfair prejudice is not admissible); Fed. R. Evid. 404 (character evidence generally is not admissible).

For example, defendants have repeatedly put before this court a declaration by Jack Dahl, which was allegedly signed by Dahl at a time when he himself was involved in litigation against CSC, demonstrating the inherently unreliable nature of Dahl's out of court statements. Declaration of Zumwalt at ¶34, Exhibit C to Norris Decl. In the declaration, Dahl makes outlandish accusations about incredible statements allegedly made by Zumwalt. Dahl Decl., Exhibit A to

[1] This evidence includes statements made in the declarations of Dahl and Kranske, which are attached as Exhibits A and B to the Norris Decl. in support of this motion. Zumwalt has denied making the statements, which were made while Dahl was involved in litigation with CSC (and had an interest in making negative allegations against Zumwalt). *See Zumwalt Decl.*, Exhibit C to Norris Decl.

Norris Decl. The heresay statements were never made by Zumwalt and should not be put before the jury. Nor should Kranske's similar testimony, which is not relevant to any of the claims or defenses in the case. Kranske Decl. at ¶21, Exhibit B to Norris Decl.)

At trial, this case will require the jury to resolve complex claims related to defendants' theft of CSC's confidential materials and use of those materials to steal CSC's clients and potential clients.[2] Simply put, the jury will have enough to decide without having to sift through irrelevant and unnecessary evidence. And protecting the jury from irrelevant and unnecessary evidence is the purpose of Fed. R. Evid. 103(d):

> To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.

Similarly, Fed. R. Evid. 104(c) states, in part, that, "[t]he court must conduct any hearing on a preliminary question so that the jury cannot hear it if … justice so requires." This is because, according to the old adage, once a bell is rung it is very difficult to unring—which is why this issue needs to be decided outside the presence of the jury.

The evidence at issue here is not, in any way, relevant to CSC's claims or defendants' defenses. In this case, the key issue is whether or not defendants took and misused CSC's confidential materials. Zumwalt's alleged aggressive use of litigation does not have any tendency to make the existence of any fact of consequence to determination of the issues in this case more or less probable. Zumwalt's alleged litigiousness is not, therefore, relevant to any contested issue

[2] The jury will consider the following six claims: (1) Trade Secret Misappropriation; (2) Intentional Interference with Prospective Economic Advantage; (3) Civil Conspiracy; (4) Unfair Competition; (5) Unjust Enrichment; and (6) Aiding and Abetting.

that the jury will consider and any evidence regarding that alleged litigiousness should be excluded.

Furthermore, the evidence at issue here, even if marginally relevant, would have an unfairly prejudicial impact in that there is a danger that the jury might decide the case not on the facts. Fed. R. Evid. 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

And, as noted by the Second Circuit:

> The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent .... "[a plaintiff's] litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant. The trial court has a duty to prevent exploitation of this prejudice[.]"

*Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988).

Because evidence at issue here is irrelevant or—at best—marginally relevant, the only end such evidence ultimately serves is to cause the jury to lose sight of the main issue: defendants' theft of CSC's confidential materials and use of those materials to steal CSC's clients and potential clients. *See Steinberg v. Chem-Tronics, Inc.*, 786 F.2d 1429, 1430-31 (9th Cir. 1986). While this would undoubtedly benefit the defendants, it would be unfairly prejudicial to CSC and would confuse the issues to be decided at trial.

Furthermore, to the extent that the evidence at issue here is intended to reflect negatively upon Zumwalt's character, is should be excluded as improper character evidence pursuant to Fed. R. Evid. 404, which states that "[e]vidence of a person's character or character trait [*e.g.*, litigiousness] is not admissible to

prove that on a particular occasion the person acted in accordance with the character or trait." *See Outley*, 837 F.2d at 592-93 ("Evidence that [the plaintiff] had filed several lawsuits against the City, and in particular against police officers, would undoubtedly cause the jury to question the validity of [the plaintiff's] current claims."); *S. Cal. Hous. Rights Ctr. v. Los Feliz Towers*, 2005 WL 3954722, at *1 (C.D. Cal. 2005) ("allowing the jury to infer that [plaintiff] is a 'less credible' litigant due to her involvement in additional … lawsuits clearly runs afoul of Rule 404's prohibition on 'character evidence.'"). Here, the only reason defendants would present this character evidence would be to improperly try to convince the jury that this lawsuit was brought for an improper purpose—instead of letting the jury decide the case on its own merits.

Finally, the statements made by Dahl are out-of-court statements offered to prove that Zumwalt is litigious. As such, it is hearsay. Fed. R. Evid. 801. Hearsay is inadmissible, except as provided by Rules 801, 803, or 804. Fed. R. Evid. 802. Because none of those exceptions apply to Dahl's statements, those statements should be excluded under Rule 802.

Under these circumstances, the Court should exclude any and all evidence and potential arguments regarding Zumwalt's alleged aggressive use of litigation on the basis that any such evidence and arguments are improper and stray beyond the issues in this case.

DATED: August 29, 2014

BULLIVANT HOUSER BAILEY PC

By *\/s/ C. Todd Norris*
Ronald L. Richman
C. Todd Norris

Attorneys for Plaintiff
CONTEMPORARY SERVICES CORPORATION

15201446.1