Ronald L. Richman, SBN 139189
C. Todd Norris, SBN 181337
E-Mail: ron.richman@bullivant.com
E-Mail: todd.norris@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff
CONTEMPORARY SERVICES CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES COURTHOUSE

CONTEMPORARY SERVICES CORPORATION, a California corporation,

Plaintiff,

vs.

LANDMARK EVENT STAFFING SERVICES, INC., a Delaware corporation, PETER KRANSKE, an individual, and MICHAEL HARRISON, an individual,

Defendants.

Case No. SACV09-00681 BRO (ANx)

**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 7**

**TO EXCLUDE REFERENCES TO ZUMWALT'S OWNERSHIP OF REAL ESTATE AND CSC'S ALLEGED LEASING OR PAYMENT OF FEES FOR THE USE OF THAT REAL ESTATE**

**DATE: September 29, 2014**
**TIME: 1:30 p.m.**
**PLACE: Courtroom 14**
**The Hon. Beverly Reid O'Connell**

Trial Date: October 7, 2014

**NOTICE OF MOTION**

To The Court, All Parties, and their Attorneys of Record:

PLEASE TAKE NOTICE that on September 29, 2014 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 14 of the above-entitled Court, courtroom of the Honorable Beverly Reid O'Connell, United States District Court Judge, located at 312 North Spring Street, Los Angeles, California 90012, plaintiff Contemporary Services Corporation ("CSC") shall and hereby does move *in limine* for an order granting the relief and/or Court action set forth below.[1]

**MOTION**

Plaintiff Contemporary Services Corporation anticipated that defendants would attempt to introduce irrelevant evidence regarding plaintiff's CEO Damon Zumwalt's ownership of real estate (*e.g.*, the property where CSC is headquartered and property used for corporate retreats) and CSC's leasing or payment of fees for the use of that real estate. During the meet and confer conference for this motion, defendants declined to refrain from doing so.

Such evidence is irrelevant, likely to cause confusion and unfair prejudice, and should be excluded. *See* Fed. R. Evid. 402 (irrelevant evidence is not admissible); Fed. R. Evid. 403 (evidence likely to cause confusion of the issues or unfair prejudice is not admissible).

At trial, this case will require the jury to resolve complex claims related to defendants' theft of CSC's confidential materials and use of those materials to steal CSC's clients and potential clients.[2] Simply put, the jury will have enough to

[1] Pursuant to L.R. 16-2.6, the parties have conferred in an attempt to resolve the evidentiary matters set forth herein. The parties were unable to reach an agreement that would obviate the need for this motion.

[2] The jury will consider the following six claims: (1) Trade Secret Misappropriation; (2) Intentional Interference with Prospective Economic Advantage; (3) Civil Conspiracy; (4) Unfair Competition; (5) Unjust Enrichment; and (6) Aiding and Abetting.

decide without having to sift through irrelevant and unnecessary evidence. And protecting the jury from irrelevant and unnecessary evidence is the purpose of Fed. R. Evid. 103(d):

> To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.

Similarly, Fed. R. Evid. 104(c) states, in part, that, "[t]he court must conduct any hearing on a preliminary question so that the jury cannot hear it if … justice so requires." This is because, according to the old adage, once a bell is rung it is very difficult to unring—which is why this issue needs to be decided outside the presence of the jury.

The evidence at issue here is not, in any way, relevant to CSC's claims or defendants' defenses. In this case, the key issue is whether or not defendants took and misused CSC's confidential materials. Zumwalt's ownership of real estate and CSC's alleged leasing or payment of fees for the use of that real estate does not have any tendency to make the existence of any fact of consequence to determination of the issues in this case more or less probable. Zumwalt's ownership of real estate and CSC's alleged leasing or payment of fees for the use of that real estate is not, therefore, relevant to any contested issue that the jury will consider and any evidence regarding that real estate should be excluded.

Furthermore, the evidence at issue here, even if marginally relevant, would have an unfairly prejudicial impact in that there is a danger that the jury might decide the case not on the facts. Fed. R. Evid. 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Because evidence at issue here is irrelevant or—at best—marginally relevant, the only end such evidence ultimately serves is to cause the jury to lose

sight of the main issue: defendants' theft of CSC's confidential materials and use of those materials to steal CSC's clients and potential clients. *See* *Steinberg v. Chem-Tronics, Inc.*, 786 F.2d 1429, 1430-31 (9th Cir. 1986). If admitted, this evidence would be offered to show that Zumwalt is somehow forcing CSC to pay him for the use of his property. While this would undoubtedly benefit the defendants, it would be unfairly prejudicial to CSC and would confuse the actual issues to be decided at trial.

Under these circumstances, the Court should exclude any and all evidence and potential arguments regarding Zumwalt's ownership of real estate and CSC's alleged leasing or payment of fees for the use of that real estate on the basis that any such evidence and arguments are improper and stray beyond the issues in this case.

DATED: August 29, 2014

BULLIVANT HOUSER BAILEY PC

By *<u>/s/ C. Todd Norris</u>*
Ronald L. Richman
C. Todd Norris

Attorneys for Plaintiff
CONTEMPORARY SERVICES CORPORATION

15201461.1