UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE CSC'S MOTION TO REMAND [392]

## I.    INTRODUCTION

Currently pending before the Court is Plaintiff Contemporary Services Corporation's ("CSC") Motion to Remand. (*See* Dkt. No. 392 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, CSC's Motion is **GRANTED**.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

Plaintiff CSC is a California corporation with its principal place of business in Northridge, California. (*See* Dkt. No. 74 (hereinafter, "FAC") ¶ 1.) CSC provides event-staffing, security, and crowd-management services for concerts and sporting events throughout the United States. (FAC ¶ 13.) Although the parties dispute exactly how CSC was formed, it is undisputed that the company grew rapidly in the 1980s due to the work of CSC's two principals, Peter Kranske and his then-partner Damon Zumwalt. (*See* Dkt. No. 350 (hereinafter, "Order") at 1–2.)

CSC brings this action against three defendants: Landmark Event Staffing Services, Inc. ("Landmark"), Peter Kranske, and Michael Harrison (collectively, "Defendants"). (*See* FAC.) Landmark is a Delaware corporation with its principal place

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

of business in Irvine, California. (*See* Dkt. No. 75 (hereinafter, "Answer") ¶ 2.) Landmark also provides security and crowd-management services and directly competes with CSC. (Answer ¶ 23.) Defendant Kranske founded Landmark and serves as the President and majority owner of Landmark. (Answer ¶ 3.) Kranske formerly co-owned CSC and worked for CSC for thirty-eight years. (*Id.*) Defendant Michael Harrison serves as the Executive Vice President and General Counsel of Landmark. (Answer ¶ 4.) Harrison is also a former Vice President, General Counsel, and Senior Vice President of CSC. (Answer ¶ 4.)

This case arises out of the alleged theft and misappropriation of CSC trade secrets by Grant Haskell, a former CSC employee who now works for Landmark as its Vice President of Operations. (FAC ¶¶ 9–10; Answer ¶ 10.) CSC alleges that Defendants colluded prior to Haskell's departure from CSC to obtain protected and confidential information from CSC in order to gain an unfair advantage in the private security and event-management market. (FAC ¶¶ 39–48.) Further, CSC claims that Haskell and Defendants have unlawfully solicited CSC's employees, (FAC ¶ 56), and that Defendants have unlawfully solicited CSC's customers and potential customers, (FAC ¶ 64). These allegations are all linked to the purported theft and misappropriation of CSC's trade secrets by Haskell and Defendants. (FAC ¶¶ 57–63, 65–77.)

Prior to the initiation of this lawsuit, CSC, Haskell, Kranske, and Zumwalt litigated claims related to the underlying facts in other jurisdictions. First, after CSC fired Kranske in 2005, Kranske filed a lawsuit against Zumwalt in the Superior Court of California, County of Los Angeles for alleged refusal to pay Kranske his ownership interest in CSC. (*See* Order at 2–3.) Zumwalt then filed a cross-complaint against Kranske for negligence, willful misconduct, and breach of fiduciary duty. (Order at 3.) The parties eventually settled that matter in March 2006. (*Id.*) The settlement allowed Landmark to compete with CSC. (*Id.*) Approximately five months later, CSC filed a lawsuit against Haskell in the Superior Court of Washington, King County. (*Id.*) This lawsuit was based on Haskell's alleged theft of CSC's trade secrets when he left CSC. (*Id.*) The case terminated in a consent judgment on March 19, 2009. (*Id.*)

//

//

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

### B. Procedural Background

CSC initially filed this action on June 2, 2009, in the Superior Court of California, County of Orange. (Dkt. No. 1 at 5.) Defendants removed the action to this Court on June 9, 2009, based on federal question jurisdiction arising from CSC's claim brought pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, and the matter was assigned to the Honorable Andrew J. Guilford. (Dkt. No. 1.) On June 26, 2009, Defendants filed a motion to dismiss, which the Court granted, finding that the Washington action barred CSC's claims. (*See* Dkt. No. 32 at 5.) On October 27, 2011, the Ninth Circuit Court of Appeals reversed, finding that "the alleged actions of Landmark and the other defendants in authorizing Haskell's conduct and subsequently utilizing CSC's proprietary information are separate from and additional to those of Haskell in initially misappropriating the information. CSC could have, but need not have, brought all claims in the Washington action." *Contemporary Servs. Corp. v. Landmark Event Staffing Servs., Inc.*, 455 F. App'x 760, 760–61 (9th Cir. 2011). The Ninth Circuit remanded the case for further proceedings consistent with its opinion. *Id.* at 761.

On January 13, 2012, CSC filed its First Amended Complaint ("FAC"). (*See* FAC.) CSC's FAC alleges the following causes of action: (1) misappropriation of trade secrets in violation of California's Uniform Trade Secrets Act ("CUTSA"), California Civil Code section 3426, *et seq.*; (2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*; (3) violation of the California Computer Data Access and Fraud Act, California Penal Code section 502, *et seq.*; (4) intentional interference with prospective economic advantage; (5) civil conspiracy; (6) unfair competition in violation of California Business and Professions Code section 17200, *et seq.*; (7) unjust enrichment; (8) aiding and abetting; and, (9) breach of contract. (*Id.*) The case was transferred to this Court on May 2, 2013. (Dkt. No. 128.) The parties then stipulated to continue the trial date to October 7, 2014. (Dkt. No. 154.) On February 14, 2014, CSC sought leave from the Court to file a Second Amended Complaint, (Dkt. No. 159), which the Court denied on March 26, 2014, (Dkt. No. 169). On July 16, 2014, Defendants filed a motion for summary judgment, (Dkt. No. 219), which the Court granted on September 9, 2014, (Dkt. No. 350). The Court held that, of the twenty-three documents CSC argued were trade secrets, only two were actually trade secrets, but CSC failed to create a triable

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

issue of fact as to whether Defendants had acquired these documents through improper means. (*See id.*)

CSC appealed this Court's grant of summary judgment as to its CUTSA and breach of contract claims. (*See* Dkt. No. 380 at 2.) On January 30, 2017, the Ninth Circuit affirmed this Court's decision in part and reversed it in part. (*See* Dkt. No. 380.) Specifically, the Court held that CSC created a triable issue of fact as to whether four of its twenty-three proffered documents were trade secrets and as to whether Defendants ratified the alleged misappropriation. (*See* Dkt. No. 380 at 3–4.) Thus, the Ninth Circuit reversed this Court's decision as to those four documents, though it affirmed this Court's decision as to the other nineteen documents. (*Id.*) In addition, because CSC's breach of contract claim was derivative of its CUTSA claim, the Ninth Circuit reversed this Court's decision on that claim as to the same four documents. Accordingly, the Ninth Circuit remanded the action to this Court for further proceedings and to permit the Court to address the final element of CSC's CUTSA claim (which it had not initially addressed when it granted summary judgment), causation of damages. (Dkt. No. 380 at 5.)

Therefore, as the action currently stands, the only claims currently before it are CSC's breach of contract and CUTSA claims arising from the four enumerated documents that qualify as trade secrets. The Court held a status conference on May 8, 2017, during which CSC informed the Court that it intended to file a Motion to Remand and the Court ordered the parties to file simultaneous briefing of no more than ten pages on the issue of causation.[1] (Dkt. No. 391.) Accordingly, CSC filed the instant Motion to Remand on May 15, 2017. (*See* Mot.) Defendants filed their Opposition on May 22, 2017. (*See* Dkt. No. 394 (hereinafter, "Opp'n").) CSC replied on May 26, 2017. (Dkt. No. 398.)

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the

---

[1] The Court does not address this issue in this Order.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983). 28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint.

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party, therefore, bears a heavy burden to rebut the presumption against removal. *See id.* "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## IV. DISCUSSION

CSC argues that, because the only claims remaining before the Court are its state law CUTSA and breach of contract claims, pursuant to 28 U.S.C. § 1367(c) the Court should decline to exercise supplemental jurisdiction. (*See* Mot.) Defendants contend that this Court has expended far too many judicial resources for the Court to decline to exercise its jurisdiction now. (*See* Opp'n.) For the following reasons, the Court agrees with CSC.[2]

Under 28 U.S.C. § 1367(a), when a district court has original jurisdiction over an action, it also maintains "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This jurisdiction is discretionary, however. Pursuant to § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim" in four

---

[2] Defendants do not argue—and it does not appear—that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Thus, as CSC's federal claims have been dismissed, supplemental jurisdiction is the only method by which this Court may exercise jurisdiction over this action.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

scenarios: (1) "[t]he claim raises a novel or complex issue of State law"; (2) the claim "substantially predominates" over the claims over which the court has original jurisdiction; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or, (4) there are "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). It is primarily the third scenario that CSC contends applies here.

"It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In *Gibbs*, the Supreme Court explained that a federal court's supplemental jurisdiction is rooted "in considerations of judicial economy, convenience and fairness to litigants." *Id.* "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* Specifically, the Court noted that if a plaintiff's "federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* Since *Gibbs*, however, the Supreme Court has clarified "that this statement does not establish a mandatory rule to be applied inflexibly in all cases" in which a plaintiff dismisses his federal claims before trial. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Rather, *Gibbs* "simply recognize[d] that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* Ultimately, "[a] district court's decision whether to exercise that jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

Defendants argue that in this case, these factors weigh in favor of the Court exercising supplemental jurisdiction. (*See* Opp'n.) As explained below, the Court disagrees.

### A. Judicial Economy

The primary consideration the parties dispute here is whether judicial economy and the amount of resources spent on this case up to this point prevent the Court from remanding the action. (*See* Mot. at 6–8; Opp'n at 5–14.) The Ninth Circuit has "frequently recognized that when federal claims are dismissed before trial, supplemental

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

claims should ordinarily also be dismissed." *Avelar v. Youth & Family Enrichment Servs.*, 364 F. App'x 358, 359 (9th Cir. 2010); *see also Almgren v. Shultz*, No. C 16-2611 CW, 2016 WL 5815889, at *2 (N.D. Cal. Oct. 5, 2016) ("[T]he Ninth Circuit has repeatedly upheld district courts' exercise of discretion to decline supplemental jurisdiction over remaining state claims after federal claims had been dismissed."). On the other hand, however, the Supreme Court has recognized that, when the court dismisses a plaintiff's federal claims, it "retain[s] its statutory supplemental jurisdiction over the state-law claims." *Carlsbad Tech.*, 556 U.S. at 640. Defendants argue that the Court has spent significant resources on this case up to this point and, therefore, judicial economy weighs in favor of the Court exercising supplemental jurisdiction over CSC's remaining claims.

1. **The Ninth Circuit's Decision in *Coomes***

The Court finds the Ninth Circuit's recent decision in *Coomes v. Edmonds School District Number 15*, 816 F.3d 1255, 1265 (9th Cir. 2016), instructive. The procedural posture of *Coomes* is very similar to that of the instant case. There, the plaintiff brought a First Amendment claim along with a wrongful discharge claim arising under state law. *Id.* at 1258. After discovery, the defendants moved for summary judgment on the federal and state claims, and the district court granted the motion. *Id.* On appeal, the Ninth Circuit affirmed the district court's grant of summary judgment as to the plaintiff's federal claim, but reversed as to the plaintiff's state law claim. *Id.* at 1264–65. Accordingly, the court remanded the case to the district court for further consideration of the state law claim.[3] *Id.* at 1265. The court explicitly indicated, however, that because it "affirm[ed] the district court's grant of summary judgment with respect to [the plaintiff's] claim under federal law, the district court should first consider whether to continue to exercise its supplemental jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010)); *see also Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991) ("[W]e have frequently upheld dismissals of pendent claims in the face of summary judgments on federal claims . . . ."). Thus, *Coomes* stands for the proposition that, contrary to Defendant's contentions, it may be appropriate for the

---

[3] The Ninth Circuit remanded the state law claim for reconsideration in light of new state law precedent. *See Coomes*, 816 F.3d at 1265. Thus, like here, the district court there had not yet considered the issue it was tasked with considering on remand.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

Court to decline to exercise its supplemental jurisdiction over remaining state law claims even where discovery has closed, the action has proceeded through summary judgment, and the Ninth Circuit partially reverses the district court's grant of summary judgment.[4]

## 2. Duplication of Effort

Defendants' primary argument is that the Court should not remand this action to the Superior Court because it would result in significant duplication of effort and expenditure of judicial resources. Indeed, on first glance, it is clear that the Court has committed significant judicial resources to this case as it was first removed to this Court approximately eight years ago, has been before the Ninth Circuit twice, and is nearing 400 docket entries. But the Ninth Circuit has never held that a district court must exercise supplemental jurisdiction over a claim based on the number of docket entries in a case or once the case has proceeded in federal court for a specific length of time; rather, courts have explained that judicial economy counsels against declining to exercise supplemental jurisdiction where retaining jurisdiction ensures "the conservation of judicial energy and *the avoidance of multiplicity of litigation*." *Schneider*, 938 F.2d at 994 (emphasis added) (quoting *Rosado v. Wyman*, 397 U.S. 397, 405 (1970)); *see also Integrated Fin'l Assocs., Inc. v. Marshall Bank, N.A.*, Nos. EDCV 10-0209 AG (OPx), EDCV 10-0212 AG (OPx), 2013 WL 1694674, at *1 (C.D. Cal. Apr. 18, 2013) (declining to exercise supplemental jurisdiction despite there being over 300 entries on the docket and explaining that "[a]lthough the Court has expended significant judicial resources in this matter, it does not find, contrary to Plaintiff's assertion, that judicial economy requires the Court to retain jurisdiction").

Here, the Court finds that remanding this action to the Superior Court would not result in the unreasonable multiplicity of litigation. The only issue remaining to be decided on summary judgment as to CSC's CUTSA claim is causation of damages—an issue that this Court explicitly declined to address when deciding Defendants' motion for

---

[4] On remand, the district court in *Coomes* declined to exercise supplemental jurisdiction over the plaintiff's remaining claim. *See Coomes et al. v. Edmonds School District No. 15*, No. 2:12-cv-00319-JCC, ECF No. 72.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

summary judgment in 2014.[5]  (*See* Dkt. No. 350 at 35 n.14.)  Further, while Defendants contend that trial preparation has begun and pretrial documents have been filed, Defendants are referring to documents that were filed before the Court had decided Defendants' motion for summary judgment in 2014.  (*See* Dkt. Nos. 293, 294, 300–31, 346–48.)  Therefore, based on the narrowing of CSC's claims in the Court's summary judgment order (and as affirmed on appeal), many, if not all, of these documents would have to be refiled in this Court based on the narrowed claims, regardless.  *See Schneider*, 938 F.2d at 994 (explaining that judicial economy was not served when issues "had neither been briefed or argued in federal court").  Moreover, even if they did not have to be refiled based on the current posture of the case, the Court has not yet considered any of these documents and, therefore, duplicity of effort would be minimal.  Further, to the extent this Court or the Ninth Circuit has already ruled, "[t]he law of the case doctrine ordinarily precludes reconsideration of a previously decided issue."  *United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997).  Therefore, the Superior Court need not reconsider previously-decided issues.

Defendants also repeatedly contend that it would be judicially inefficient and would result in duplication of effort to expect the Superior Court to review the documents filed in this case up to this point.  (*See* Mot. at 12–14.)  Defendants cite no authority for this proposition, however, and the Court disagrees.  In fact, as addressed above and similar to this case, the Ninth Circuit has indicated that it is appropriate for the district court to consider declining to exercise supplemental jurisdiction even where the case has proceeded through discovery, the district court previously granted summary judgment on a state law claim, and the summary judgment was partially reversed on appeal.  *See Coomes*, 816 F.3d at 1265.  And, as courts have recognized, when federal claims are dismissed *at any time before trial*, the relevant factors will often weigh in favor of declining to exercise supplemental jurisdiction.  *Carnegie-Mellon*, 484 U.S. at 350 n.7 (recognizing that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-

---

[5] And while the parties filed supplemental briefs on causation of damages on May 30, 2017, (*see* Dkt. Nos. 399, 400), again, the Court has not yet considered or ruled on these motions, *see Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1006 (N.D. Cal. 2013) (remanding action where the defendants had filed motions, "but the Court ha[d] not yet ruled on either motion").

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

law claims"); *see also Nejo v. Wilshire Credit Corp.*, No. 09cv879 BEN (JMA), 2010 WL 2951972, at *5 (S.D. Cal. July 21, 2010) ("The Ninth Circuit has consistently ruled that when federal claims are dismissed, it is within the court's discretion to dismiss the state law claims, and that in the usual case the state claims should be dismissed." (citing *Notrica v. Bd. of Supervisors*, 925 F.2d 1211, 1213–14 (9th Cir. 1991)).

Moreover, district courts have frequently declined to exercise supplemental jurisdiction over state law claims upon the dismissal of federal claims. *See, e.g.*, *Integrated Fin'l Assocs.*, 2013 WL 1694674, at *1 ("Although the Court has expended significant judicial resources in this matter, it does not find, contrary to Plaintiff's assertion, that judicial economy requires the Court to retain jurisdiction."); *Montero v. AGCO Corp.*, 19 F. Supp. 2d 1143, 1147 (E.D. Cal. 1998) (declining to exercise supplemental jurisdiction after granting summary judgment on the plaintiff's federal claims). And the Ninth Circuit has repeatedly affirmed these decisions. *See McInerney v. City and County of San Francisco*, 466 F. App'x 571, 573 (9th Cir. 2012) (holding that district court did not abuse discretion in declining to exercise supplemental jurisdiction when it "had dismissed or granted judgment on all of [the plaintiff's] federal claims"); *Baptiste v. L.A. Cty. Sherrif's Dep't*, 225 F. App'x 625, 625–26 (9th Cir. 2007) ("The district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Baptiste's state claims after it had granted summary judgment on all claims over which it had original jurisdiction."); *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1169 (9th Cir. 2002) (affirming dismissal of state law claims after granting summary judgment on federal claim). As the Ninth Circuit has explained, "it is the *district* judge who is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point." *Schneider*, 938 F.2d at 994 (emphasis in original); *see also id.* ("The district court, of course, has the discretion to determine whether *its* investment of judicial energy justifies retention of jurisdiction, or if *it* should more properly dismiss the claims without prejudice." (emphases in original) (quoting *Otto v. Heckler*, 802 F.2d 337, 338 (9th Cir. 1986))).

### 3. Defendants' Out-of-Circuit Authority

In support of their position, Defendants rely on cite two out-of-circuit decisions. (*See* Opp'n at 8–9.) At the outset, the Court notes that these authorities are only persuasive and are not binding, unlike the myriad Ninth Circuit and Supreme Court

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

authorities cited above. In any event, the Court finds these cases unpersuasive, regardless. First, in *Miller Aviation v. Milwaukee County Board of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001), the Seventh Circuit held that the district court abused its discretion when it declined to exercise supplemental jurisdiction over state law claims after the district court had spent five years overseeing the litigation, considered twenty-two motions, held nine hearings, and issued nineteen orders. The Seventh Circuit also explained, however, that "the district court's orders demonstrate a mastery of the minutiae of airport administration, aviation commerce, as well as the inner workings of the various decision-making processes within Milwaukee County's government." *Id*. Therefore, the court held that "a remand of the remaining supplemental claims would require a 'duplication of effort' by the state court that undermines the very purpose of supplemental jurisdiction—judicial efficiency." *Id*. First, the Court is unpersuaded that it has expended as many resources here as the district court in *Miller Aviation*. Though the litigation has been proceeding in this Court for approximately eight years, nearly five of those years have passed during the pendency of appeals before the Ninth Circuit—not in active litigation before this Court. Further, *Miller Aviation* is distinguishable in that this Court has issued only a handful of substantive orders, including Defendants' first motion to dismiss in 2009, (*see* Dkt. No. 32), Defendants' request for attorneys' fees in 2009, (*see* Dkt. No. 54), and Defendants' motion for summary judgment in 2014,[6] (*see* Order). In addition, unlike in *Miller Aviation*, this case does not involve technical or detailed knowledge of specific industries or the inner workings of a city's government system. Therefore, the resources necessary to become familiar with the facts of this case will be significantly less than that of *Miller Aviation*.

Defendants also rely on *Redondo Construction Corp. v. Izquierdo*, 662 F.3d 42, 49–50 (1st Cir. 2011). (*See* Opp'n at 9.) The Court also finds *Redondo* distinguishable. There, the First Circuit held that the district court abused its discretion where it "declined to exercise supplemental jurisdiction only four days before trial was scheduled to begin, when the action had been pending in federal court for more than six years, the summary

---

[6] This Court has also issued several discovery-related Orders throughout these proceedings. But to the extent Defendants contend that the resources spent on discovery in this matter counsel against remand, the Court disagrees. "[A]ccumulated evidence bearing on the state claims may easily be carried 'across the street' to the courtroom of a state superior court judge presumably better versed in the relevant law." *Schneider*, 938 F.2d at 997 (O'Scannlain, J., dissenting).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

judgment record had been complete for nearly a year, and the parties were almost completely prepared for trial." *Redondo*, 662 F.3d at 49. In addition, the court noted that remand to the Puerto Rico courts would require translation of all discovery from English to Spanish. *Id.* at 49–50; *see also Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding district court abused its discretion when it dismissed state law claims seven days before trial "after the parties were essentially done with trial preparation"). Here, the parties are not nearly prepared for trial. As mentioned above, though the parties filed pretrial documents in 2014, the landscape of the case has changed significantly in the time since. In fact, the Court has not yet set a trial date since the Ninth Circuit's most recent decision. Further, unlike the cost and difficulty of translation in *Redondo*, there is no procedural burden to remand in this case. Thus, the Court finds *Redondo* unpersuasive.

Therefore, the Court finds that judicial economy and the amount of resources spent in this action, while significant, do not counsel strongly in favor of this Court exercising supplemental jurisdiction. Moreover, even if this factor weighed in favor of retaining jurisdiction, "a substantial commitment of judicial resources is just one factor the court must consider." *Integrated Fin'l Assocs.*, 2013 WL 1694674, at *1; *see also Nat'l Audobon Soc. v. Dep't of Water*, 869 F.2d 1196, 1206 (9th Cir. 1988) ("Although the federal court has made substantial commitment of judicial resources to the state claims up to this point in the litigation, this is just one factor the court had the discretion to consider in making its decision to remand."). Because the other factors weigh in favor of remand, the Court declines to exercise supplemental jurisdiction.

### B. Whether the Other Relevant Factors Weigh in Favor of Remand

In addition to judicial economy, the Court must also consider convenience, fairness, and comity. *See Gibbs*, 383 U.S. at 726. As to convenience, this factor does not appear to weigh heavily in the analysis. According to CSC, Defendant Harrison resides in Orange County and Defendant Landmark operates its business there. (*See* Mot. at 8.) Defendant Kranske resides in Colorado.[7] (*Id.*) This case has previously proceeded in Orange County when it was before Judge Guilford. Therefore, it does not appear that any party will be particularly inconvenienced by litigating in the Superior Court, County of

---

[7] Defendants neither confirm nor deny these assertions in their Opposition.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

Orange, and, if anything, proceeding in Orange County may be slightly more convenient for Defendants Harrison and Landmark.

As to fairness, Defendants contend that it would be unfair to remand this action to state court because "they prefer federal court, and the protections provided and limitations imposed by the Federal Rules, over the comparative free-for-all that is possible in state court litigation." (Opp'n at 17.) However, other than this broad and speculative assertion, Defendants do not provide any way in which they will be disadvantaged by proceeding in the Superior Court. For instance, Defendants do not identify any defenses that are available in federal court that will be unavailable in state court or any specific procedural rules that will disadvantage them in state court. *See Perez*, 929 F. Supp. 2d at 1006 (finding that fairness factor did not weigh in either party's favor where "the state forum will provide just as fair a proceeding as the federal one"); *cf. Notrica*, 925 F.2d at 1215 (finding that fairness factor weighed in favor of exercising jurisdiction where state law claims would be barred by statute of limitations if dismissed).

To the extent Defendants argue that CSC is more likely to be permitted to "reopen and expand this case" in the Superior Court, they provide no basis for their assertion. To the contrary, CSC may file similar motions to amend or motions for further discovery regardless of the forum in which they are proceeding and there is no procedural reason why any such motion would be more likely to be granted in either forum. And to the extent Defendants contend that it is more fair for this Court to retain jurisdiction because they should "not lose the Court's knowledge and experience," the Court finds this argument unavailing. While this Court may be familiar with the facts of this case, as explained above, this case is now limited to two state law causes of action arising from four documents and are not so specialized or intricate as to counsel strongly against remand. Moreover, as explained below, even if this Court has more *factual* knowledge, the state court will undoubtedly have more *legal* knowledge of and interest in applying its own laws to CSC's remaining claims. *See Wilson v. Gordon & Wong Law Grp., P.C.*, No. 2:13-cv-00609-MCE-KJN, 2013 WL 6858975, at *6 (E.D. Cal. Dec. 23, 2013) (determining that fairness factor weighed in favor of not exercising jurisdiction because the court should refrain from needlessly deciding issues of state law and the litigants are entitled to a "surer-footed reading of [the] applicable law" (quoting *Gibbs*, 383 U.S. at 726)). Therefore, the Court finds that remanding this case is not unfair to Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

Finally, as to comity, the Court finds that this factor weighs in favor of remand. As CSC now proceeds exclusively on state law claims, "it is preferable . . . as a matter of comity (respect for our sister state institutions) for state court judges to apply state law to plaintiff's state-law claims."[8] *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1120 (N.D. Cal. 2002); *see also Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988) ("[P]rinciples of comity will be well-served by allowing the state courts to resolve claims solely of state law."); *Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 958 (N.D. Cal. 2014) (finding that "dismissal promote[d] comity by allowing the California courts to interpret state law concerning the state laws in the first instance"). Decisions of state law are best left to state courts. As CSC now proceeds on only state law claims, the Court finds that this factor weighs in favor of remand.

Therefore, weighing all of the relevant factors, the Court finds that it is appropriate to remand this action to state court to resolve CSC's remaining state law claims. While this case has proceeded in this Court for a lengthy period of time and the Court has expended substantial judicial resources, this Court has never addressed the issues remaining to be decided on summary judgment and the parties have not prepared for trial based on the remaining claims. Thus, the Superior Court will not be required to perform duplicative legal analysis and judicial economy does not weigh strongly in favor of the Court exercising supplemental jurisdiction. In addition, the convenience and fairness factors do not weigh strongly in favor of exercising jurisdiction, and comity weighs in favor of remanding the action. Therefore, the Court **GRANTS** CSC's Motion.

---

[8] Moreover, as the Court has entered judgment as to CSC's federal claim, state issues "substantially predominate" in this action. *See Wren v. Sletten Constr. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) (per curiam) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of jurisdiction requires dismissal of the state claim[s].").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 09-00681-BRO (JDEx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORPORATION V. LANDMARK EVENT STAFFING SERVICES INC. ET AL. | | |

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** CSC's Motion to Remand and **REMANDS** this action to the Superior Court of California, County of Orange.

**IT IS SO ORDERED.**

:

Initials of Preparer     rf